# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAN SCHUBERT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-482-D |
| | ) |
| RANDY WORKMAN, Warden,[1] | ) |
| | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2241 Cases,[2] the petition has been promptly examined. For the reasons set forth herein, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

By this action, Petitioner is challenging a disciplinary proceeding that took place at the Oklahoma State Penitentiary in June of 2011 and the resulting punishment imposed. In

---

[1] Petitioner named the Oklahoma Department of Corrections as Respondent in this action. However, because Petitioner is currently incarcerated at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, Petition, p.1, the OSP warden, Randy Workman, is the proper respondent in this habeas action. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him").

[2] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

addition to the screening requirement contained in Rule 4, this court has an independent duty to inquire into its own jurisdiction. *Phelps v. Hamilton*, 122 F.3d 1309, 1315-16 (10th Cir.1997). As noted, according to the petition, Petitioner is currently and was at the time he filed this action incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma, which is within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). The Tenth Circuit has held that a petition under § 2241, challenging the execution of a sentence must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996); *see also Portley-El v. Figueroa*, 373 Fed. Appx. 883, 885 (10th Cir. April 20, 2010) (the warden of the prison in which petitioner was detained at the time he filed his § 2241 action was the proper respondent and since the warden was outside the territorial jurisdiction of the district court, that court had no jurisdiction over the petition). Accordingly, Petitioner has failed to allege any basis upon which his habeas action may be brought in this Court.

Where, as in this case, a civil action is filed in the wrong court, the defect may be cured by transferring the action if such transfer is in the interest of justice. 28 U.S.C. § 1631. It does not appear that there are statute of limitations issues or other issues that would mitigate against a transfer of the instant action to the proper district court for disposition. Therefore, it is recommended that in the interest of justice this action be transferred to the United States District Court for the Eastern District of Oklahoma.

## **RECOMMENDATION**

Based upon the foregoing, it is recommended that this action for a writ of habeas corpus be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 12, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Court Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to send a copy electronically to the Oklahoma Attorney General on behalf of the Respondent. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 23rd day of May, 2012.**

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE