# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

MAR - 7 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

ALLAN D. SCHUBERT, )
)
Petitioner, )
)
v. ) Case No. CIV 12-278-RAW-KEW
)
RANDY WORKMAN, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, challenges his misconduct conviction for Battery, which resulted in his loss of earned credits. The respondent alleges petitioner failed to exhaust his state administrative remedies, and he is procedurally barred from federal habeas corpus relief.

The record shows that on May 19, 2011, petitioner received an offense report at Dick Conner Correctional Center for the misconduct of Battery. The offense was based on his alleged involvement in the assault of other inmates on April 19, 2011 that resulted in serious injuries to the victims. The Investigator's Report indicates petitioner denied any involvement in the incident and claimed he was washing his clothes in his cell when the lockdown was called. A witness statement corroborating petitioner's statement was obtained and presented to the hearing officer.

The disciplinary hearing was held on June 3, 2011, with petitioner present. The hearing officer found him guilty and imposed discipline, based on the statement by a correctional officer that the investigation had determined petitioner's involvement in the assault. The facility head reviewed and approved the determination on June 6, 2011. Petitioner received notice of the warden's review on June 8, 2011. According to an affidavit by the OSP Disciplinary Hearing Officer, a search of the appeal files revealed that petitioner did not appeal the outcome of the disciplinary hearing.

On June 15, 2011, petitioner submitted a grievance, not a misconduct appeal, to the Administrative Review Authority (ARA), claiming the misconduct hearing had not been held. The grievance was returned unanswered on that same date, because of procedural deficiencies. He then sent a second grievance to the ARA on June 23, 2011, claiming the misconduct investigator was biased, but that grievance also was returned for a procedural deficiency. Petitioner's third grievance to the ARA, submitted on July 22, 2011, claimed the warden did not answer his misconduct appeal allegedly submitted on June 7, 2011. The grievance was returned unanswered for procedural deficiencies and with instructions to correct the error, but he did not do so.

On August 1, 2011, petitioner filed a petition for judicial review challenging the disciplinary action, pursuant to Okla. Stat. tit. 57, § 561.1, in the Oklahoma County District Court. The district court found it lacked subject matter jurisdiction, because petitioner had failed to exhaust the administrative remedies provided by DOC. *Schubert v. Okla. Dep't of Corr.*, No. CV-2011-1221, slip op. at 2 (Okla. County Dist. Ct. Oct. 17, 2011). The state court's factual findings are presumed correct, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

Petitioner commenced an appeal of the denial of his petition for judicial review on January 24, 2012. The appeal, however, was dismissed as untimely, because he had failed to initiate the appeal within 30 days after his actual notice of the district court's dismissal. *Schubert v. Okla. Dep't of Corr.*, No. 110,326 (Okla. Feb. 21, 2012).

The respondent has moved for dismissal on the ground that the petition is procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Oklahoma Court of Criminal Appeals denied petitioner's judicial review

2

appeal for his failure to file the appeal in accordance with the State's procedural rules. *See* Okla. Stat. tit. 57, § 564.1(G). This is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750). Petitioner argues in his response to the motion to dismiss that because he repeatedly attempted to exhaust his administrative remedies, it would violate due process to deny his claims based on nonexhaustion. He also claims he was unable to file a timely appeal of the denial of his petition for judicial review because of violations of his access to the courts. These unsupported, conclusory allegations will not suffice to waive exhaustion or the procedural bar.

Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket No. 15] is GRANTED, petitioner's motion for consideration [Docket No. 17] is DENIED as moot, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this ___7th___ day of March 2013.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3